IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **RANDY L. CAREY** | **CIVIL ACTION NO.:** |
| **VERSUS** | **JUDGE:** |
| **ANTHONY MOREAU, IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE FOR THE TOWN OF MELVILLE AND IN HIS PERSONAL CAPACITY** | **MAGISTRATE:** |
| | **JURY DEMANDED** |

### COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Randy L. Carey (hereinafter "Plaintiff"), and for his Complaint, alleges as follows:

### THE PARTIES

1.

The defendant herein is:

a. Anthony Moreau (hereinafter sometimes "Chief Moreau" or "Moreau"), a person of the full age of majority and the duly elected Chief of Police for the town of Melville, who resides in the Western District of Louisiana, is sued in both his official and individual capacities. Plaintiff is informed and believes and thereon alleges that Defendant Moreau is, and at all relevant times was, a policy-making official of the Melville Police Department. Defendant Moreau is, and at all material times was, the individual charged with the duty and granted the authority to render final decisions regarding policies and practices of the Melville Police Department, including without limitation policies and procedures regarding the arrest of criminal suspects.

### JURISDICTION AND VENUE

2.

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983. This court has jurisdiction over the state law claims pursuant to Pendent Jurisdiction.

3.

Venue is proper in this district and division under 28 U.S.C.A. § 1391(b), because the underlying acts and conduct violating applicable laws and constitutional rights occurred in this district; and/or each defendant conducts its/his/her affairs in, or is an inhabitant of, resides in, or has an agent in this district.

## FACTUAL ALLEGATIONS
*False Arrest/Lack of Probable Cause/No Evidence Presented*

4.

On or about February 8, 2015, Plaintiff was placed under arrest by Defendant Chief Moreau of the Melville Police Department. The charges were: i) Aggravated Burglary (LSA – R.S. 14:60); ii) Aggravated Rape (LSA – R.S. 14:42); and iii) False Imprisonment, Offender Armed with a Dangerous Weapon (LSA – R.S. 14:46.1.) The arresting officer was Defendant Moreau.

5.

Approximately ten (10) months prior to his February 8, 2015 arrest, Plaintiff had been released from incarceration after serving a 15 year sentence on the charge of Aggravated Burglary. Defendant Chief Moreau was involved in the investigation, arrest, and trial of that charge against Plaintiff.

6.

Approximately two (2) days prior to Plaintiff's arrest on the charges that form the basis of this Complaint, Plaintiff encountered Defendant Chief Moreau in public, whereupon Defendant Moreau threatened that he, Defendant Moreau, was "coming for" Plaintiff.

7.

Upon information and belief, at the time of the victim's complaints to the Melville Police Department on February 8, 2015, the victim never named Plaintiff as her assailant. Rather, Plaintiff is informed and believes that Defendant Moreau supplied the victim with Plaintiff's name and suggested to the victim that Plaintiff was the victim's assailant.

8.

On the same date, February 8, 2015, Plaintiff was arrested, without a warrant, based upon Defendant Moreau's unsupported belief that Plaintiff committed the crimes of Aggravated Rape, Aggravated Burglary, and False Imprisonment.

9.

On February 9, 2015, Defendant Moreau executed an Affidavit of Probable Cause, the entirety of which is as follows: "On 2-8-15 a Randy Carey entered 618 Forrest Street Apt 7B-28 without permission, and came into contact with K. A. and a confrontation ensued. During this confrontation, Randy Carey had a towel and put over her face. Randy Carey then proceeded to rape her while holding a knife. Randy Carey then proceeded to asked her if she wanted to die. The victim is 10 wks pregnant. Randy Carey then refused to let her leave the residence after the rape."

10.

Plaintiff alleges that, at all material times, Defendant Moreau acted purposefully and with malice toward Plaintiff in effecting Plaintiff's arrest without probable cause or information to support Defendant Moreau's conclusion that Plaintiff had committed the crimes inflicted upon the victim, in violation of the U.S. and Louisiana Constitutions as more fully set forth below.

11.

On or about February 12, 2015, approximately four (4) days after Plaintiff's arrest, Plaintiff was released on his own recognizance for lack of an arrest warrant supported by probable cause.

12.

On or about February 13, 2015, Defendant Moreau re-arrested Plaintiff pursuant to an arrest warrant approved that same day by the Hon. D. Jason Meche, Division D, 27th Judicial District Court.

13.

Shortly after Plaintiff's second arrest, investigation by law enforcement revealed that the DNA sample collected from the victim matched another individual and not Plaintiff. Nevertheless, Plaintiff remained incarcerated until March 26, 2015.

14.

Plaintiff filed a Motion for Preliminary Examination to challenge the existence of probable cause, the hearing on which was held on March 26, 2015. At Plaintiff's Preliminary Examination, the District Attorney's Office declined to present evidence in support of probable cause. As a result, Plaintiff was again released on his own recognizance after having served more than 40 days in jail.

15.

Plaintiff alleges that, despite the arrest of the individual whose DNA matched the sample taken from the victim and despite the refusal by the District Attorney's Office to present evidence in support of probable cause at the March 26, 2015 Preliminary Examination, the false charges initiated by Defendant Moreau of Aggravated Rape, Aggravated Burglary, and False Imprisonment with a Dangerous Weapon remained pending against Plaintiff until more than 8 months later.

16.

On or about December 3, 2015, the charges against Plaintiff were finally dismissed by the District Attorney's Office, with a minute entry stating as follows: "On motion of the State, the State declines to prosecute. The defendant did not commit the offense for which he was arrested."

17.

For approximately 10 months, Plaintiff was tormented by the false charges against him, one of which carries a mandatory life sentence. As a result of the charges, Plaintiff was forced to resign from T.H. Harris Technical College, where he had enrolled to pursue an occupation as a welder. In addition, Plaintiff could not find work due to the pendency of the false charges against him, Plaintiff became ineligible for needed Government sustenance, and Plaintiff is now homeless.

## COUNT I – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth and Fourteenth Amendments – False Arrest)

18.

Plaintiff re-alleges and incorporates by reference all of the preceding allegations of this Complaint.

19.

Plaintiff alleges that he possessed the right, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures and false arrests. Plaintiff further alleges that Defendant herein had knowledge of the above rights under the Constitution.

20.

Plaintiff alleges that there was no probable cause to arrest him and no factual and/or legal justification for his arrest. Plaintiff alleges that Defendant Chief Moreau, who was involved in Plaintiff's arrest, lacked sufficient knowledge that would warrant a prudent person's belief that Plaintiff had committed a crime. Plaintiff nevertheless suffered for more than 40 days in jail for a crime he did not commit, and further, for a crime another individual was proven to have committed when that individual's DNA matched the DNA sample taken from the victim of the rape.

21.

Plaintiff alleges that the Defendant Moreau's conduct was either willful or done with deliberate indifference to Plaintiff's rights; therefore, such conduct was not objectively reasonable, as more fully set forth below.

22.

As a direct and proximate result of Defendant Moreau's conduct as alleged above, Plaintiff has suffered and continues to suffer emotional injuries and special and general damages.

23.

Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. § 1988.

24.

Plaintiff is further informed and believes and thereon alleges that the above-described acts of Defendant Moreau, depriving Plaintiff of his constitutionally protected rights, privileges and immunities were done with evil motive or intent, or with reckless or callous indifference to Plaintiff's rights. Accordingly, Plaintiff seeks an award of punitive damages against the defendant in an amount according to proof.

## COUNT II – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth, Fifth, Eighth, and Fourteenth Amendments – Procedural Due Process Violations/False Imprisonment)

25.

Plaintiff re-alleges and incorporates by reference all of the preceding allegations of this Complaint.

26.

Plaintiff alleges that he possessed the right, guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable searches and seizures, that the guarantee that no warrants shall be issued without probable cause, and that he not be deprived of life, liberty, or property without due process of law. Further, pursuant to the Eighth Amendment, Plaintiff had the right to be free from cruel and unusual punishment. Plaintiff alleges that Defendant Moreau had knowledge of the above rights under the Constitution.

27.

Defendant Moreau, without just and legal cause, violated Plaintiff's clearly established rights under the laws and Constitution of the United States.

28.

As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and continues to suffer general, special, and economic damages, including without limitation pain and suffering, mental anguish, and loss of enjoyment of life in an amount according to proof.

29.

Plaintiff is further informed and believes and thereon alleges that the above-described acts of defendant depriving Plaintiff of his constitutionally protected rights, privileges and immunities were done with evil motive or intent, or with reckless or callous indifference to Plaintiff's rights. Accordingly, Plaintiff seeks an award of punitive damages against the defendant.

## COUNT III– MONELL MUNICIPAL VIOLATONS UNDER 42 U.S.C. § 1983
**(Against Chief Moreau, in his Official Capacity as Chief of the Melville Police Department**)

30.

Plaintiff re-alleges and incorporates by reference all of the preceding allegations of this Complaint.

31.

Plaintiff is informed and believes and thereon alleges that Chief Moreau manifests a deliberate indifference to the violation of constitutional rights of his residents, including Plaintiff herein. This deliberate indifference is manifested by the fact that defendant was wrongfully arrested not once, but twice. This deliberate indifference is also manifested by the failure to change, correct, revoke, or rescind policies, procedures, and customs, in light of prior knowledge by said defendant of the occurrence and reoccurrence of factually similar incidents. Plaintiff alleges that it is the policy, practice, and custom of defendant to ignore civil rights, including without limitation the right to be free from unlawful seizure and the right to be free from false imprisonment.

32.

As a direct and proximate result of the aforementioned acts, systematic deficiencies, policies, procedures, customs and practices of Defendant Moreau, Plaintiff was wrongfully arrested and imprisoned, causing injuries.

33.

Plaintiff alleges that Defendant Moreau has policies, procedures, customs, and practices which violate the constitutional rights of residents and which manifest a deliberate indifference to the civil rights of members of the public by, among other things:

a. Failing to abide by, and consequently, failure to adequately train, command and control police officers in proper police procedures within the Fourth and Fourteenth Amendments of the United States Constitution;

b. Failing to prevent, and consequently, failure to train police officers to prevent false arrests and falsification of charges against persons who have not committed any crime or public offense; and

c. Promoting and/or acquiescing in the policy of arresting members of the public without probable cause or reasonable suspicion.

34.

The customs, policies and practices of the Defendant Moreau caused the constitutional injuries to Plaintiff herein.

**COUNT IV – LOUISIANA STATE LAW CLAIM FOR MALICIOUS PROSECUTION**

35.

Plaintiff re-alleges and incorporates by reference all of the preceding allegations of this Complaint.

36.

As more fully set forth herein, Plaintiff alleges that defendant's actions, as more fully set forth herein, involved the following:

i)   the commencement or continuance of an original criminal proceeding against Plaintiff herein;

ii)  its legal causation by the present Defendant against Plaintiff who was the defendant in the original proceeding;

iii) its bona fide termination in favor of the present Plaintiff;

iv)  the absence of probable cause for such proceeding;

v)   the presence of malice therein; and

vi)  damage conforming to legal standards resulting to Plaintiff.

37.

Plaintiff alleges that defendant is liable for malicious prosecution.

38.

As a direct and proximate cause of the above, Plaintiff sustained injuries, including without limitation physical injury and, among other things, extreme anguish, humiliation, and embarrassment, all of which entitles Plaintiff to damages as more fully set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against defendant, jointly and severally, as follows:

1. For compensatory general, special, and economic damages in an amount according to proof;

2. For damages incurred to Plaintiff for his injuries, including without limitation emotional pain and suffering, mental anguish, and loss of enjoyment of life in an amount of not less than Five Hundred Thousand Dollars ($500,000);

3. For punitive damages;

4. For attorneys' fees in accordance with any and all statutes and laws, including without limitation those attorneys' fees pursuant to 42 U.S.C. § 1988;

5. For costs incurred herein; and

6. For such other and further relief as this court may deem just and proper.

                                **RESPECTFULLY SUBMITTED BY:**

                                **s/ Roy J. Richard, Jr.**
                                **Roy J. Richard, Jr. (LA Bar # 28981)**
                                **LAW OFFICE OF ROY J. RICHARD, JR.**
                                620 South Union Street
                                Opelousas, LA 70570
                                Phone: (337) 351-7726
                                Fax: +1(337) 381-5552
                                Email: rrichardlawoffice@yahoo.com
                                *Attorney for Plaintiff*
                                *Randy L. Carey*


## **DEMAND FOR JURY TRIAL**

      Plaintiff hereby demands a jury trial in this action pursuant to Federal Rules of Civil Procedure, Rule 38.

                                **RESPECTFULLY SUBMITTED BY:**

                                **s/ Roy J. Richard, Jr.**
                                **Roy J. Richard, Jr. (LA Bar # 28981)**
                                **LAW OFFICE OF ROY J. RICHARD, JR.**
                                620 South Union Street
                                Opelousas, LA 70570
                                Phone: (337) 351-7726
                                Fax: +1(337) 381-5552
                                Email: rrichardlawoffice@yahoo.com
                                *Attorney for Plaintiff*
                                *Randy L. Carey*